UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Evans, | ) | C/A No.: 5:12-cv-3557-JFA-KDW |
| | ) | |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| Warden Mike McCoy, | ) | |
| Respondent. | ) | |

Petitioner Thomas Evans ("Petitioner" or "Evans") is a state prisoner who filed this pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 24, 25. On April 19, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 26. Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment on July 25, 2013. ECF No. 35. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 24, be granted.

I. Factual Background

Petitioner is currently incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In 2007, Petitioner was indicted in the June term

of the Charleston County Grand Jury for armed robbery. App. 724-25.[1] On October 6 - 8, 2008, a jury trial was conducted before the Honorable Thomas W. Cooper in Charleston, South Carolina. App. 1-483. Attorney William Runyon represented Petitioner, and Attorneys Nathan S. Williams and Dale Savage represented the State. App. 1. On October 8, 2008, Petitioner was convicted of armed robbery and sentenced to natural life without the possibility of parole ("LWOP"). App. 450, 483.

II. Procedural History

Trial counsel timely filed and served the notice of appeal and Petitioner filed a Final *Anders*[2] Brief of Appellant on June 16, 2009. App. 485-493. Petitioner filed a pro se brief in support of his appeal on September 17, 2009. ECF No. 25-6. On February 11, 2010, the South Carolina Court of Appeals issued an order affirming Petitioner's conviction. App. 495. The remittitur was issued on March 1, 2010. ECF No. 25-8. On June 3, 2010, Petitioner filed an amended application seeking post-conviction relief ("PCR"). App. 496-501. In his application, Petitioner argues ineffective assistance of counsel, and violations of his 4th, 5th, 6th, 8th, and 14th Amendment Rights. App. 497. The State filed its return on October 4, 2010, requesting an evidentiary hearing on Plaintiff's ineffective assistance of counsel claim. App. 509-512. On September 13, 2011, Petitioner filed an amended PCR application. App. 502-508. In his amended application, Petitioner argues ineffective assistance of counsel, violations of his 4th, 5th, 6th, 8th, and 14th Amendment Rights, and illegal sentence. App. 504. On September 14, 2011, an evidentiary hearing was conducted before the Honorable Deadra L. Jefferson in Charleston, South Carolina. App. 513. Petitioner was represented by Samia Hanafi Nettles, Esq., while the State was represented by Assistant Attorney General Matthew Friedman. *Id.*

[1] Citations to "App." refer to the Appendix for Petitioner's direct appeal of his judgment of conviction. That appendix is available at ECF Nos. 27-1, 27-2, and 27-3 in this habeas matter.

[2] *Anders v. California*, 386 U.S. 738 (1967).

Petitioner; Petitioner's former plea counsel, Donna K. Taylor; and Petitioner's former trial counsel, William Runyon, Jr.; testified at the hearing. App. 514-655. In an Order dated October 7, 2011, and filed October 10, 2011, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

> This Court has had the opportunity to review the record in its entirety and hear the testimony and arguments presented at the hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon his or her credibility. This Court has weighed the testimony accordingly. Set forth below are the relevant findings of fact, and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).
>
> The Applicant testified he was not presented with the indictment, but he knew he was being charged with armed robbery. He asserted his statement to Detective Osborne was not voluntary, and he continued to be questioned after requesting an attorney. He testified he was not called to testify at his Jackson v. Denno hearing. He testified he wanted counsel to call Daryl Louis and James Blanding, Jr. to testify as to the alleged improper conduct by Detective Osborne. Applicant testified he was visiting family in Georgia when he was arrested without a warrant. He asserted counsel did not object to the hand of one is the hand of all jury charge. Applicant argued counsel did not attack the statements of the co-defendants, and he believes trial counsel knew a deal was being made between the State and the co-defendants. Applicant testified he only met with counsel once before trial and does not believe counsel was prepared. Applicant testified appellate counsel only raised one issue on appeal while, in his opinion the appeal should have included additional matters.
>
> Trial counsel, William Runyon, Esquire, testified he was appointed to represent Applicant approximately eight (8) weeks before trial after Donna Taylor, Esquire was relieved as counsel. He testified Ms. Taylor's file was very complete, and he was adequately prepared for trial. He testified, to his recollection, he showed the indictment to the Applicant and went over all discovery and investigated all viable defenses. Counsel testified he looked into the warrantless arrest and discussed it with the Applicant. Counsel did not address it with the court because it was a baseless issue in that it was a lawful arrest under the Interstate Fugitive Act. He asserted Applicant had no basis for a defense after he gave a 28-pagc confession. He testified he wrote a letter to Applicant asking him if he had any defenses, and Applicant never provided him with a defense. He testified he challenged the voluntariness of Applicant's statement in a Jackson v. Denno hearing, and while he was not ultimately successful, he was at least able to

get a substantial portion of the statement redacted. Counsel testified he tried to do everything Applicant requested, but he was left in a "train wreck status" due to Applicant's statement and breach of the written plea agreement with the State. He asserted Applicant backed out of the plea agreement by proceeding to trial. He testified he discussed LWOP with Applicant and informed him that he had been served with LWOP notice. Counsel testified he moved for a mistrial when a co-defendant mentioned other robberies. The motion for a mistrial was denied, but the trial court gave a curative instruction. Counsel testified he did not see any basis to object to the standard hand of one jury charge as it recognized by the Supreme Court and is supported by the record. He asserted he did not raise an issue with sentencing, because the Applicant breached the written plea agreement and, thus, did not have a meritorious defense.

Plea counsel, Donna Taylor, Esquire, testified she did not see any basis to challenge the indictment. She testified the indictment was true billed, and she showed the indictment to Applicant after receiving it from Assistant Solicitor Nathan Williams. She testified she was relieved before this trial. She testified she spoke with Applicant about all of his cases in the two (2) to three (3) years she was involved, but she did not discuss this trial specifically. Ms. Taylor testified at the prior PCR hearing the terms of the written plea agreement were that Applicant must plead guilty to the first and second sets of charges to avoid LWOP.

**Ineffective Assistance of Trial Counsel**

The Applicant alleges that he received ineffective assistance of counsel. In a post-conviction relief action, the applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C 441, 442, 334 S.E.2d 813, 814 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); Butler, 286 S.C. at 442, 334 S.E.2d at 814. The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. The applicant must overcome this presumption in order to receive relief. Cherry v. State, 300 S.C. 115, 118, 386 S.E.2d 624, 625 (1989).

Courts use a two-pronged test to evaluate allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under prevailing professional norms." Id. at 117, 386 S.E.2d at 625 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065). Second, counsel's deficient performance must have prejudiced the applicant such that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 117-18, 386 S.E.2d at 625. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Johnson v. State, 325 S.C. 182, 186, 4S0 S.E.2d 733, 735 (1997).

This Court finds Applicant's testimony is not credible while also finding trial counsel's testimony is credible. This Court finds counsel is a trial practitioner who has over forty-four (44) years of experience in the trial of serious offenses. The Court finds that although counsel was appointed just eight (8) weeks prior to trial; there is no indication in the record he was not prepared for trial. During conferences with the Applicant, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, the discovery, Applicant's constitutional rights, and possible defenses or lack thereof.[2]

Regarding Applicant's claims of ineffective assistance of counsel, this Court finds Applicant has failed to meet his burden of proof. This Court finds counsel demonstrated the normal degree of skill, knowledge, professional judgment and representation that are expected of an attorney who practices criminal law in South Carolina. State v. Pendergrass, 270, S.C. 1, 5, 239 S.E.2d 750, 752 (1977); Strickland, 466 U.S. at 687-88,104 S. Ct. at 2064-65; Butler, 286 S.C. at 442, 334 S.E.2d at 814. This Court further finds counsel adequately conferred with Applicant, conducted a proper investigation, and was thoroughly competent in his representation. This Court finds that counsel's representation did not fall below an objective standard of reasonableness.

This Court finds that counsel properly challenged Applicant's statement to law enforcement by requesting a Jackson v. Denno hearing. (Tr. 5:8-70:12.) Although the statement was admissible, counsel was successful in having a substantial portion of the Statement redacted which speaks volumes of his ability. (Tr. 71:11-82:15.)

This Court finds counsel appropriately attacked the credibility of the co-defendants through cross-examination, and there was no basis for a mistrial based on the co-defendant's testimony. (Tr. 330:23-336:6, 355:17-360:17.) This Court finds that he had no basis to challenge the jury charge on the hand of one is the hand of all. (Tr. 434:3-435:4.) It was a standard jury charge and would have been charged despite an objection as it was factually applicable to this case.

---

[2] Even though the record reflects the elements of armed robbery were instructed at trial, this Court instructed Applicant on the elements again, placing particular emphasis on the fact that a deadly weapon does not have to be a gun.

This Court finds that counsel had no basis to challenge the indictment. The indictment was true-billed, and Ms. Taylor testified she showed the indictment to Applicant. This Court finds Applicant fully understood the nature of the charges against him. "[A]n indictment passes legal muster when it charges the crime substantially in the language of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood." State v. Tumbleston, 376 S.C. 90, 98,654 S.E.2d 849, 853 (Ct. App. 2007). Tumbleston establishes that an indictment is a notice document. Id. at 95, 654 S.E.2d at 852. Here, there is no indication the Applicant and counsel did not have adequate notice of the charges and ample time to prepare a defense.

This Court finds trial counsel's testimony credible regarding the warrantless arrest issue. Counsel looked into the matter, discussed it with Applicant and deemed it was not an issue since the arrest was lawful under the Interstate Fugitive Act.

This Court finds that counsel properly moved for a mistrial when a co-defendant referenced other armed robberies involving Applicant. (Tr. 344:19-23, 362:7-365:13.) The co-defendant mentioned there were two guns involved and there was a backpack which they used in another robbery. (Tr. 344:11-20.) Although the trial court denied the motion for a mistrial, the court gave a curative instruction to the jury. (Tr. 425:3-19.) .The Court notes there is no evidence of the other robberies in the record that rises to the level of prejudice. The Court also notes the record is void of evidence of an agreement in place between the State and the co-defendants or that the co-defendants gave inaccurate testimony.

This Court finds Applicant knowingly backed out of his plea agreement. At his first plea hearing, it was clear Applicant was concerned about his pending charges and was well aware he would need to plead guilty to the second set of charges to avoid LWOP. This Court finds Applicant had control of avoiding a sentence of life without parole, but he made a bad decision. This Court finds counsel was not ineffective for failing to object to the sentence at trial, as there was no basis to do so given that Applicant breached the written plea agreement by failing to plead guilty to the second set of charges.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Applicant. The Applicant failed to show that counsel's performance was deficient. This Court also finds the Applicant has failed to prove the second prong of Strickland, specifically that he was prejudiced by counsel's performance. Applicant's complaints concerning counsel's performance are without merit and are denied and dismissed.

Ineffective Assistance of Appellate Counsel

Applicant alleges ineffective assistance of appellate counsel for filing an Anders brief and failing to explore other grounds for appeal. A defendant is constitutionally entitled to effective assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387, 105 S. Ct. 830 (l985). "However, appellate counsel is not required to raise every non-frivolous issue that is presented by the record." Thrift v. State, 302 S.C. 535, 539, 397 S.E.2d 523, 526 (1990). Appellate counsel has a professional duty to choose among potential issues according to their merit. See Jones v. Barnes, 463 U.S. 745, 103 S. Ct. 3308 (1983). Where the strategic decision to exclude certain issues on appeal is based on reasonable professional judgment, the failure to appeal all trial errors is not ineffective assistance of counsel. Id. at 752-53, 103 S. Ct. at 3313.

The Applicant must show that appellate counsel's performance was deficient and that he was prejudiced by the deficiency. Thrift, 302 S.C. at 537, 397 S.E.2d at 525; Gilchrist v. State, 364 S.C. 173, 178, 612 S.E.2d 702, 705 (2005); Anderson v. State, 354 S.C. 431, 434, 581 S.E.2d 834, 835 (2003). "In order to show that he was prejudiced by appellate counsel's performance, a PCR applicant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" Bennett v. State, 383 S.C. 303, 309-l0, 680 S.E.2d 273, 276 (2009) (quoting Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625).

In this case, appellate counsel filed an Anders brief. In Anders v. California, the United States Supreme Court announced the procedure an appointed attorney should follow if the attorney believes the client's appeal is frivolous and without merit. Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). The United States Supreme Court held the attorney could petition for permission to withdraw from the case, but that the petition for withdrawal must be accompanied by a brief "referring to anything in the record that might arguably support the appeal." Id. at 744, 87 S. Ct. 1400. Under Anders, the defendant must be given time to respond and to raise any additional points after his attorney submits the brief. Id. The Court is then obligated to conduct a "full examination" of the record to determine whether the appeal is "wholly frivolous." Id. According to Anders, if the reviewing court finds the appeal is frivolous, "it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires." Id., State v. McKennedy, 348 S.C. 270, 279, 559 S.E.2d 850, 855 (2002).

Here, appellate counsel filed an Anders brief with the South Carolina Court of Appeals. "Upon the receipt of the pro se brief or the expiration of the period to file a pro se brief, this Court wil1 then proceed to review the record as required by Anders. If no issue of arguable merit is discovered, the appeal will be dismissed and counsel's petition to be relieved will be granted." State v.

> Williams, 305 S.C. 116, 406 S.E.2d 357 (1991). In light of Anders and Williams, this Court finds that there can be no legitimate allegation of ineffective assistance of appellate counsel because the reviewing court also conducted a full review of the record and found no issue of arguable merit.
>
> All Other Allegations
>
> As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.
>
> **CONCLUSION**
>
> Based on the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his trial, sentencing, or appeal proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this PCR application must be denied and dismissed with prejudice.

App. 713-721. Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend. Petitioner, represented by Dayne C. Phillips, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a *Johnson*[3] Petition for Writ of Certiorari, dated July 6, 2012. ECF No. 25-10. The sole issue presented, quoted verbatim, was:

1. Did the PCR court err in finding that trial counsel provided effective assistance of counsel where trial counsel failed to conduct a reasonable investigation in preparation for Petitioner's trial when trial counsel was appointed to Petitioner's case eight weeks prior to trial and had met with Petitioner for the first time the day before the trial started?

*Id.* at 3. Petitioner did not file a pro se brief. In an Order dated October 3, 2012, the South Carolina Supreme Court, pursuant to *Johnson v. State*, denied the petition for certiorari and granted counsel's request to withdraw. ECF No. 25-12. The remittitur issued on October 22, 2012. ECF No. 25-13. This habeas petition followed on December 18, 2012.

[3] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

III. Discussion

A. Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE: Trial counsel didn't attack the prosecutor's case fully because he didn't had [sic] enough time to prepare for my trial.
>
> Supporting facts: At my trial, I stated on record that I didn't feel like trial counsel was not prepared all the way for my case because trial counsel only met with me once prior to my trial and that was on Sunday October 5th, 2008 & the next day my trial started Monday, October 6th, 2008. Trial counsel was appointed to me approximately 8 weeks before my trial and filed a speedy trial within the first letter he sent to me notifying me that he's my counsel. Counsel also testify/admitted/corroborated I'm correct. See App. 557 4-18, App. II 523 lines 2-13. Violates my 5th, 6th, 8th, & 14th Amendment if I'm correct.
>
> GROUND TWO: Trial counsel did not attack prosecutor's case about my co-defendants statements & testimony, or interviewing them to testify on my behalf.
>
> Supporting facts: My trial counsel questioned my co-defendant Curtis Burns. My trial counsel did not try to attack his statements (multiple) at the Jackson v. Denno hearing or tried to impeach his statements because Curtis Burns passed a polygraph stating that he didn't commit the crime with anyone, didn't know who committed the robbery, or plan it with anyone. Plus he gave 2 different statements to a detective & also made a statement in the county jail and got it notarized be [sic] an officer stating that his statements was correct & forced into writing one. And at my trial (see App 345 Lines 5-12) my counsel questioned Curtis Burns about the statement that he made in the County because I presented it to my trial counsel & he review the paperwork/document, and asked Curtis Burns if he gave a statement to anyone besides Det. Osborne & he said no. My trial counsel did not present it to the court at all. App 345 5-12. Also, at trial, John Reaves/my cousin testify against me. Till this day, I still haven't received his statement or his confession on tape recorder if there is one. They saying that is but I have yet to see one or hear it to prepared for my case in any type way. See App II 541 1-5. This was mentioned at my PCR hearing.
>
> Also, I told my trial counsel to subpoenaed my co-defendants but my trial counsel didn't do it because he believe they would have lied but never interviewed them as part of my defense, but trial counsel said I never wrote him about a defense, when I been wrote him in August stating that we need to talk about a defense … excuse me but I just found that letter and it was written on September 18, 2008, instead of August. Another person wrote the letter for me. See App. 387 10-25.

Also the state closing argument in my PCR hearing (App 560 12-17) argue that I didn't was never heard from or basically didn't responded back to trial counsel letter, but see Ground 2 B evidence. Also see Ground 2 A-1, A-2, A-3, A-4. This is a violation of my 5th, 6th, 8th, and 14th Amendment.

GROUND THREE: Trial counsel didn't attack prosecutors case correctly because I wasn't entitled to receive a LWOP sentence.

Supporting facts: My PCR counsel put on record about my LWOP sentence and Mr. Friedman for the state said he would like to use the same arguments from the PCR before this PCR. (See App. 560 II 3-7) I pleaded out to 30 years which I was force to, but I wasn't suppose to receive a LWOP sentence because the judge in my prior trial said that I could receive a 2 strike law or a Life without parole if I pleaded to the 30 years. My pleaed [sic] that they was stating on record is different from the plea that I was force to sign. The one that I sign did mention anything about me "not" receiving a 2 strike law nor did it mention that I can't receive Life w/out Parole if I testify. See App II 666 3-14 see also App II 571, 572, 573, & 574. So if my plea that was on paper, it should have said the same thing that was on the record but it wasn't. So that the plea should be voided and my LWOP should not have existed. My 5th, 6th, 8th & 14 Amendment was violated.

GROUND FOUR: The statement given by defendant was involuntary.

Supporting facts: In the App. p. 52 13-25 Det. Osborne admitted out his own mouth that he was being a man of his "word" about bringing my cooperation to the prosecutors attention, but that's only the slight truth. Det. Osborne got a statement base on his "word" & he'd sealed it with a handshake say scouts honor. App 52 19-25. He said he would get my bond lower on my 1st 5 charges, which he did because my bond was lower then Darryl Louis & James Blanding, Jr. Also, he said he would see about me getting house arrest to see my daughter born if not then, it would be shortly after that I'll be home with her. (Didn't know at that time it was a girl) So once all that was said & that was our mutual understanding, he said he give me his word . . . well I said give me your "word" & he said scout's honor and shook my hand & he got the statement after that. I didn't not payed [sic] attention to what he was reading to me, all I did was signed because my understanding was I was going to be home in time to see my unborn child at that time be born or be there shortly after, my bond was going to be lower, and he was going to being my cooperation to the state's attention. But 2 of those didn't happen, well (1) of them. I feel as though, if Det. Osborn [sic] could follow through with his "word" 100% because like he said in the App 52, 19-25 after he gave his "word" he got a full statement. So if he didn't give his "word," he wasn't going to get a statement. So since Det. Osborne admitted being a man of his "word" & that he got his statement afterwards, he should not have been able to use the statement because he could not follow 100% through with his "word." Basically to be truthful, all 3 that he intended on doing, didn't matter because

> none of them was helpful because my bond was lower but they brought other charges up against to make my bond $1,905,000, and the prosecutor wanted me to testify & plea to 30 or 40 years consecutive. (If you need a copy, I'll mail it to y'all). So the bond killed me off from seeing my child born. So the "word" to me is a promise. I also look the word "word" up in Rogets II The New Thesaurus III edition. The 4th understand is basically promise, solemn word, vow, warrant, word of honor. If this is the case, my statement should be involuntary and they should have never used it against me. My 5th, 6th, 8th, & 14th Amendment have been violated.

ECF No. 1 at 5-29.

B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."

*Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C. Habeas Corpus Standard of Review

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or

laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below. Here it is undisputed that Petitioner met exhaustion requirements. ECF No. 25 at 10.

D. Merits

1. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Petitioner argues that his trial counsel was ineffective because counsel was not prepared for trial because he was appointed only eight weeks before Petitioner's trial began (Ground One). ECF No. 1 at 5. Respondent argues that Petitioner's Ground One should be dismissed as it "is

too vague to warrant relief in this action." ECF No. 25 at 14. In the alternative, Respondent argues that Petitioner's Ground One should be denied because the PCR court rejected this similar assertion of error and the record "supports a reasonable determination of facts and a reasonable application of relevant federal law." *Id.* at 14-15. In response, Petitioner argues that his trial counsel should have argued a "Lesser-Evils Defense" as the evidence showed that Petitioner did not have a gun during the robbery. ECF No. 35 at 1-2. Petitioner argues that his LWOP sentence is basically a death sentence and he therefore should have had two counsel and more than eight weeks to consult with trial counsel. *Id.* at 2. Petitioner contends that he should not have received LWOP because "this is his first time in prison ever & if he never rape, kill, or cause bodily harm toward another human being." *Id.* Petitioner argues his co-defendants have been to prison before but Petitioner was the only one to receive LWOP and "this is unfair to Petitioner." *Id.*

Petitioner further argues that his trial counsel was ineffective when he did not attack his co-defendant's statements and testimony, or interview co-defendants to testify on Petitioner's behalf. (Ground Two). ECF No. 1 at 6. Respondent contends that Ground Two should be dismissed because the PCR court found that counsel appropriately attacked the credibility of the co-defendants through cross-examination and that Petitioner failed to show *Strickland* error and prejudice. ECF No. 25 at 20. Respondent contends that the PCR judge's findings of facts are fully and fairly supported by the record. *Id.* Petitioner contends that the record shows that his co-defendants had "an agreement or better yet a negotiation" with the State so that his co-defendants would testify against Petitioner. ECF No. 35 at 3. Petitioner argues one of the co-defendants had a third strike but still was only sentenced to 13 to 15 years. *Id.* Petitioner argues

this is "proof that the solicitor made negotiations & trial counsel didn't perform his job correctly." *Id.*

Additionally, Petitioner contends that his trial counsel was ineffective when counsel failed to challenge Petitioner's LWOP sentence. (Ground Three). ECF No. 1 at 25. Respondent argues that Ground Three should be denied as it was Petitioner's refusal to honor his plea agreement, and not any inadequacies of his trial attorney, that led to Petitioner's LWOP sentence. *Id.* at 21. Petitioner contends that in order for him to have rejected the plea agreement, he would have had to understand it, and Petitioner alleges that he thought he was pleading to a sentence of 30 to 40 years concurrent, and not the 30 to 40 years consecutive sentence that was contained in the plea agreement. ECF No. 35 at 3-4. Petitioner alleges that the terms in his written plea agreement were different than the terms explained during his plea hearing and therefore his plea was not voluntary. *Id.* at 4. Petitioner argues that his plea counsel told him the best sentence he could have hoped for was 15 years. *Id.* Petitioner argues he would have accepted a 15-year-sentence plea agreement but his counsel did not inform Petitioner of this plea which caused Petitioner to miss out on a more favorable plea offer. *Id.* at 4-5.

At the PCR hearing, trial counsel, William Runyon, Esquire, testified he had adequate time to prepare for Petitioner's trial although he was appointed to represent Petitioner about eight weeks before the trial began. App. 714. Runyon testified that he reviewed the entire discovery and investigated all viable defenses, but Runyon concluded that Petitioner "had no basis for a defense after he gave a 28-page confession." *Id.* Runyon testified "he tried to do everything [Petitioner] requested, but he was left in a 'train wreck status' due to [Petitioner's] statement" and because Petitioner breached his written plea agreement when he opted to go to trial. *Id.* Runyon avers "he discussed LWOP with Petitioner" and Runyon testified that "he did not raise

an issue with sentencing, because the [Petitioner] breached the written plea agreement and, thus, did not have a meritorious defense." App. 714-15.

Petitioner also testified at the PCR hearing and averred that he met with Runyon only one time, the day before his trial, and contended that counsel did not have sufficient time to prepare for his trial. App. 714. Petitioner argued that during cross-examination Runyon "did not attack" earlier statements given by his co-defendants, nor did Runyon challenge his co-defendants' credibility by arguing the co-defendants made a deal with the State to testify. *Id.*

The undersigned has reviewed the record, and in light of the PCR court's credibility determination, findings of fact, and conclusions of law, the undersigned is of the opinion that Petitioner's allegations of ineffective assistance of counsel are invalid. The PCR court found that Petitioner's testimony was not credible and found trial counsel's testimony to be credible. App. 716. The undersigned finds that it was not unreasonable for the PCR court to find that Petitioner failed to meet his burden of showing trial counsel was ineffective in trial counsel's preparation for trial or to find that trial counsel "appropriately attacked the credibility of the co-defendants through cross-examination," as both these findings are supported by the record. *See* App. 714, 716-717. The undersigned further finds that the PCR court's finding that trial counsel was not ineffective for failing to object to Petitioner's LWOP sentence is also supported by facts in the record, noting there was no basis for trial counsel to object as Petitioner "breached the written plea agreement by failing to plead guilty to the second set of charges." App. 718. The PCR court's decision was not contrary to, nor an unreasonable application of, clearly established federal law under §2254(d)(1). This ground is without merit and the undersigned recommends that it be dismissed.

2. Inadmissible Statement/Confession

Petitioner contends that the statement he gave was involuntary and therefore should not have been admitted. (Ground Four). ECF No. 1 at 29. During the PCR hearing, trial counsel testified he challenged the voluntariness of Petitioner's statement in a *Jackson v. Denno* hearing and was able to have a substantial portion of the statement redacted, although the statement was ultimately admitted. App. 714. Petitioner testified during the PCR hearing that his statement was not voluntarily given, and he continued to be questioned by the detective after he requested an attorney. App. 713. Petitioner contends he was not called to testify at his *Jackson v. Denno* hearing, nor did counsel call his co-defendants to testify about the detective's improper conduct. *Id.*

Addressing Ground Four, Respondent argues that the PCR court properly found that trial counsel was not ineffective for failing to establish that Petitioner's statement was involuntary, observing that trial counsel properly challenged Petitioner's statement and was successful in getting a large portion of the statement redacted. ECF No. 25 at 23. Respondent additionally contends that the voluntariness of Petitioner's statement was challenged in a pre-trial hearing and that the trial court reasonably applied federal law in finding the statement admissible. *Id.* at 24. Respondent argues that the "state court ruling is a reasonable application of federal law on the facts well supported by the record." *Id.* at 26. Petitioner alleges that he only confessed because the detective promised "if Petitioner cooperated he would bring that to the attention of the state." ECF No. 35 at 5. Petitioner argues that because the detective "couldn't get the state to come with a better deal than life, why should Petitioner confession be used against him since [the detective] couldn't follow through with his word." *Id.*

The undersigned finds that Petitioner has not presented any evidence that shows the PCR court unreasonably applied federal law as established by the Supreme Court or that the PCR court made an unreasonable determination of the facts in light of the evidence before it. As a result, Ground Four is without merit and should be dismissed.

IV. Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 24, be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

January 15, 2014
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**