UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Evans, | ) | C/A No. 5:12-3557-JFA-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden Mike McCoy, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Thomas Evans, is an inmate at the South Carolina Department of Corrections. He brings this action under 28 U.S.C. § 2254 challenging his 2008 conviction for armed robbery.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and finds that the respondent's motion for summary judgment should be granted.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

The petitioner was advised of his right to file objections to the Report and Recommendation, and he filed objections thereto. The court has conducted a *de novo* review of the objections which will be discussed herein.

The Report and Recommendation recites the factual and procedural background giving rise to this action. Briefly, a jury found petitioner guilty of army robbery and was sentenced to life without the possibility of parole. He filed a direct appeal of his conviction. After an *Anders* brief and *pro se* brief were filed, the South Carolina Court of Appeals denied the appeal and the remittitur was issued on March 1, 2010. Petitioner filed a post-conviction relief application (PCR) alleging ineffective assistance of counsel and various violations of his constitutional rights. An evidentiary hearing was held and the PCR court denied the application in full on October 10, 2011. Petitioner did not file a motion to alter or amend under SCRCP 59.

Counsel filed a *Johnson*[3] petition for writ of certiorari raising the issue of ineffective assistance of counsel where trial counsel failed to conduct a reasonable investigation in preparation for petitioner's trial, contending that trial counsel had met with the petitioner for the first time the day before the trial began. The South Carolina Supreme Court denied the petition for writ of certiorari with the remittitur issued on October 22, 2012.

The present § 2254 petition was filed on December 18, 2012. Therein, petitioner raises four Grounds for relief:

---

[3] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors in *Anders v. California*, 386 U.S. 738 (1967) to post-conviction appeals).

2

(1)   Trial counsel didn't attack the prosecutor's case fully because he didn't have enough time to prepare for my trial;

(2)   Trial counsel did not attack prosecutor's case about my co-defendants' statements and testimony or interviewing them to testify on my behalf; and

(3)   Trial counsel didn't attack prosecutor's case correctly because I wasn't entitled to receive a LWOP sentence; and

(4)   The statement given by defendant was involuntary.

*Grounds 1, 2, and 3: Ineffective Assistance of Trial Counsel*

The Magistrate Judge addresses the first three grounds as they all allege ineffective assistance of trial counsel. Essentially, petitioner argues that his trial counsel was not effective because he was appointed eight weeks before the trial began; counsel did not attack the co-defendant's statements or interview the co-defendants to testify on petitioner's behalf; and that trial counsel failed to challenge petitioner's life without parole sentence.

The Magistrate Judge notes that petitioner gave a 28-page confession and that he breached his written plea agreement when petitioner opted to go to trial. She also has reviewed the PCR court's findings on the claims of ineffective assistance of counsel and the involuntary statement/confession to law enforcement. The Magistrate Judge finds that the state PCR's decision was not contrary to or an unreasonable application of clearly established federal law under § 2254(d)(1), nor was the court make an unreasonable determination of the facts in light of the evidence before it. *See Williams v. Taylor*, 529 U.S. 362, 298 (2000).

In his objection memorandum, petitioner contends that he has an I.Q. that is equivalent and indicative of mental retardation. and that he has never possessed the necessary mental capacity to understand the nature and gravity of his charges. He complains that no one requested a competency hearing prior to his trial proceedings or during the review process. Petitioner also asks that a competency hearing be ordered before a decision is rendered by this court.

Finally, petitioner suggests that the State court further failed petitioner in his PCR proceedings under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). However, the respondent acknowledges that all four of petitioner's grounds were raised and ruled upon and properly exhausted, so that the grounds have not been procedurally defaulted. Thus, no cause review is necessary under *Martinez*.

This court finds that the objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition and are repetitive of the claims in plaintiff's amended complaint.

## CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Thus, the Report is adopted and incorporated herein by reference. Accordingly, the § 2254 petition is denied and the respondent's motion for summary judgment (ECF No. 24) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

March 26, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

5